# EXHIBIT E

BEFORE THE INDUSTRIAL ACCIDENT BOARD
OF THE STATE OF DELAWARE

MELISSA SMITH,                                    )
                                                  )
              Employee,                           )
                                                  )
                                                  )
              v.                                  )        Hearing No. 1432925
                                                  )
NEW CASTLE COUNTY,                                )
                                                  )
              Employer,                           )
                                                  )

**ORDER**

This matter came before the Board on Thursday November 3, 2016 on New Castle

County's ("Employer" or "County") Motion to Dismiss the pending Petition to Determine

Additional Compensation Due. After this motion was filed Melissa Smith ("Claimant") filed a

response and a Motion to Compel discovery responses. On July 28, 2016 Claimant filed a

Petition seeking payment of medical expenses from ATI Physical Therapy. The County had

initially denied treatment from ATI by submitting the dates of service in question for Utilization

Review. Following the receipt of additional documentation the County agreed to pay for the

treatment at ATI Physical Therapy. Claimant was informed via correspondence to her counsel on

August 9, 2016 and August 15, 2016 that the bills were being paid. In addition there was an e-

mail exchange between counsel regarding the payment of these medical expenses. The pending

Petition was never withdrawn and instead on September 30, 2016 Claimant sent correspondence

amending the Pretrial Memorandum to assert claims for additional medical expenses. In addition

to amending the Petition to add more medical expense claims, Claimant wants to assert a

retaliation claim. She claims that as a result of added additional medical expenses to her Petition

she was called into human resources for job placement and then terminated when her physician

kept her out of work on total disability. This specific issue has been raised in another case involving a female County police officer, Kerrie Unger, represented by Mr. Freebery and also being presented to the Board with similar motions.[1] In large part Claimant's Motion to Compel production of documents was a request for documents relating to her termination from employment.

After hearing the parties' arguments and reviewing the documents submitted with the Motions, the Board grants the County's Motion to Dismiss the Petition. Claimant's petition was filed based on several outstanding physical therapy bills, which were paid shortly after the Petition was filed. Claimant argues that the Petition was never withdrawn because she wanted to ensure there were no other outstanding bills. Claimant further argues that the amendment adding additional expenses was filed properly in accordance with Industrial Accident Board Rule 26(A)(1) and timely in accordance with Rule 9.[2] The County argues that it has been prejudiced because it was unable to schedule an expert witness to examine Claimant and comment on the new claims. Claimant disingenuously argues that the County dragged its' feet and did not even attempt to schedule an expert until October 5, 2016, failing to note that the additional medical expenses were not even asserted until September 30, 2016. The Board finds that waiting nearly two months to amend the Petition, then adding completely new treatment expenses from different providers is unreasonable and prejudices Employer's ability to investigate those claims. It should be noted that there was an issue getting medical records from Claimant's providers to even document a clean claim and potentially pay or send the treatment for Utilization Review. The Board finds that sitting on a petition until the last minute "in case" there is another unpaid bill, which in this case was from a different provider for prospective treatment, is a tactic that

---

[1] I.A.B. No.: 1419344.
[2] The hearing in this matter was scheduled for January 12, 2017.

should be discouraged. It is a simple matter to file another Petition should the need arise. Based on the Board's dismissal of the pending Petition Claimant's Motion to Compel is also denied. However when or if Claimant files another petition she can take guidance from the decision in the Unger case cited above with respect to the retaliation claim.

Consequently, for the reasons stated above Employer's Motion to Dismiss is **GRANTED** without prejudice. Claimant's Motion to Compel is **DENIED.**

**IT IS SO ORDERED** this 17th day of NOVEMBER, 2016.

**INDUSTRIAL ACCIDENT BOARD**

ROBERT MITCHELL

PETER W. HARTRANFT

OWC Staff

Mailed Date: 11-18-16

Eric D. Boyle, Esq., Hearing Officer
Michael P. Freebery, Esq.  for Claimant
Stephanie N. Tickle, Esq., for Employer

3